IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Tyson, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Carolyn W. Colvin, Acting Commissioner )<br>of Social Security, )<br>)<br>_____ ) | Civil Action No. 5:13-2117-RMG<br><br><br><br><br>**ORDER** |

Plaintiff has brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to the United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R &R") on October 29, 2014, recommending that the decision of the Commissioner be reversed and remanded to the agency because the Administrative Law Judge ("ALJ") failed to adequately explain the limited weight given the opinions of an examining expert, Dr. Melvin Porter. (Dkt. No. 20 at 21-23). The Commissioner has responded to the R & R by advising the Court that she did not intend to file objections. (Dkt. No. 28).

The Court has reviewed the ALJ's decision in this matter, the relevant medical records and the opinions of various treating, examining and non-examining experts. The Court shares the concern of the Magistrate Judge that the ALJ has failed to address portions of the reports of two other examining experts, Dr. Larry Korn, D.O., and Dr. Randall Jones, PhD., which appear

-1-

to corroborate and not conflict with the opinions of Dr. Porter.[1] The ALJ has also not addressed the fact that the claimant's medical and psychological condition may have progressively worsened over the relevant time period, perhaps making the earlier opinions and findings less probative of Plaintiff's disability status than later opinions and findings.

Finally, the Court could not help but note that those experts who did not treat or examine Plaintiff tended to minimize his limitations as opposed to experts who personally examined the claimant. These differences would under normal circumstances be weighed when properly applying the standards under the Treating Physician Rule, 20 C.F.R. § 404.1527(c), but the ALJ failed to address those factors when weighing the opinions of various experts. On remand, the opinions of all medical experts should be weighed under the standards of the Treating Physician Rule, including consideration of special weight to be given to those who have examined the patient. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of the source that has examined you than to the opinion of the source who has not examined you.").

The Court finds that the Magistrate Judge ably addressed the critical issues on appeal and appropriately recommended reversal of the Commissioner's decision and remand of the matter to the agency for further action. Therefore, the Court adopts the R & R in this matter (Dkt. No. 20) as the order of the Court. The decision of the Commissioner is **REVERSED** pursuant to 42 U.S.C. § 405(g) and **REMANDED** to the agency for further action consistent with this order.

---

[1] This includes findings from Dr. Korn's examination that Plaintiff suffered from ischemic heart disease "that does appear to be at least a degree of performance impairment," severe morbid obesity, likely diabetic neuropathy in the feet and possible chronic obstructive pulmonary disease. Tr. 450. Dr. Jones, following his examination of Plaintiff, diagnosed him with major depressive disorder and anxiety and concluded that he "is likely to be unreliable as a result of emotional factors." Tr. 470. These findings appear to the Court to corroborate the findings of Dr. Porter following his examination of Plaintiff. Tr. 816-819.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

November 18, 2014
Charleston, South Carolina